MARY E. LEASE v. GEORGE A. CLARK.—SAME v. MORTON ALBAUGH *et al., as members of the Board of Trustees of the State Charitable Institutions.*

1. TRUSTEES OF STATE CHARITABLE INSTITUTIONS—*Terms of Office.* Where several persons were nominated by the governor and confirmed by the senate as members of the board of trustees of state charitable institutions, and the terms to be so filled were not of the same duration, and did not begin and end at the same time, and the nominating message to the senate was indefinite and ambiguous as to tenure and succession, and did not show when the term of each appointee began and ended, the records in the offices of the governor and secretary of state in regard to such appointments, as well as the commissions issued to and accepted by the appointees, are competent evidence in determining the succession and terms of those appointed.

2. EVIDENCE—*Appointment for Unexpired Term.* The evidence in the present cases examined, and it is *held* that the plaintiff was appointed for an unexpired instead of a full term and that the defendant, C., was duly chosen as her successor.

*Original Proceeding in Quo Warranto.*

Two PROCEEDINGS by *Mary E. Lease,* one against *George A. Clark,* and one against *Morton Albaugh* and others, as members of the board of trustees of the state charitable institutions. Judgment for defendants. The opinion herein, filed July 6, 1895, contains a statement of the material facts.

*G. C. Clemens,* and *Eugene Hagan,* for plaintiff.

*F. B. Dawes,* attorney general, and *Milton Brown,* for defendants.

The opinion of the court was delivered by

JOHNSTON, J.: The plaintiff brought an action in *quo warranto* against George A. Clark, who claims to have succeeded her in the office of member of the board of trustees of the state charitable institutions, to determine who is entitled to the office. She has also brought another action of *mandamus* against three members of that board to compel them to recognize her instead of George A. Clark as a member of such board. The purpose of both proceedings appears to be to regain the possession of the office formerly occupied by her as a member of the board, and both may be be disposed of upon the same consideration. On February 25, 1893, the plaintiff was appointed by the governor as a member of the board, and on February 28, 1893, the appointment was confirmed by the senate, and she entered at once upon the discharge of her duties as such member. She contends that her appointment was for a full term, commencing April 1, 1893, and ending April 1, 1896. On March 5, 1895, the governor proceeding upon the theory that the plaintiff was

only appointed for an unexpired term ending April 1, 1895, appointed George A. Clark as her successor for a full term of three years from April 1, 1895, and his appointment was duly confirmed by the senate. He qualified and entered upon the discharge of his duties on April 1, 1895, and was recognized by the board as the successor of the plaintiff. The nominating message of the governor upon which the plaintiff largely relies in her contention is as follows :

" I have this day day appointed M. A. Householder, Mrs. Mary E. Lease and W. S. Wait as members of the board of charities of the state of Kansas, to succeed L. K. Kirk, T. F. Rhodes, and W. W. Miller, and would respectfully ask your concurrence in such appointments."

The persons so appointed by the governor were confirmed by the senate without definitely fixing the succession or tenure of the appointees. At that time it was the province of the governor to appoint at least three members of the board, and probably it was within his power to have appointed four members. L. K. Kirk, who was named in the message, was not then a member of the board. He had previously resigned and Adrian Reynolds had been appointed as his successor. The senate not being in session the appointment of Reynolds was not confirmed. W. W. Miller, a member of the board, had been appointed in the absence of the senate, and hence he was holding under an unconfirmed appointment and for an unexpired term. It was the duty of the governor to appoint successors to Reynolds and Miller, whose appointments had not been confirmed. Under the law the terms of two of the members regularly expired on April 1, 1895, and it was also the duty of the governor to appoint two members for the terms beginning at that

time. The board under the statute consists of five persons who are to be appointed by the governor with the advice of the senate. It was provided that beginning in 1876 two should be appointed for one year, ending April 1, 1877 ; two for two years, ending April 1, 1878 ; and one for three years, ending April 1, 1879 ; and their successors were each and all to hold their positions for the term of three years, the terms ending April 1, the succeeding year. ( Laws of 1876, ch. 130, §§ 1, 2.) In case of vacancies appointments are to be made to fill the same, but only for the unexpired terms ; and when a vacancy occurs when the legislature is not in session, the governor is authorized to make the appointment ; but it is provided that the appointee cannot hold longer than the third week after the convening of the next legislature. There has been some confusion in the past with respect to the tenure and succession of those appointed, and it is also manifest in the appointments made in 1893.

The plaintiff contends that the nominating message upon which action was taken by the senate is controlling, and that the arrangement of the names and the grammatical interpretation of the language employed therein make her the successor of T. F. Rhodes, whose term ended April 1, 1893. In her behalf it is argued that the only rational rule of construction which can be adopted is that the names in one series of the message are to be paired with those in the other in the order in which they stand, and that when the appointments were confirmed by the senate the governor was powerless to change the legal effect of the nomination and confirmation. On the other hand, it is contended that the message to the senate is obscure and does not undertake to prescribe when the terms begin and end, and hence we must look to the records in the offices

of the governor and secretary of state as well as to the commission that was issued to and accepted by plaintiff to determine the tenure and succession of the several persons who were then appointed. The record of the appointment in the governor's office shows that the plaintiff was appointed for an unexpired term ending April 1, 1895. The executive order to the secretary of state directed that officer to issue a commission to the plaintiff for the unexpired term. A commission was issued to plaintiff in accordance with the order, which was signed by the governor and countersigned by the assistant secretary of state, and a record of the commission was made in the office of the secretary of state. The commission and the record thereof specified the person to whom issued, the office conferred, with the date and tenure of the commission, showing that the plaintiff was appointed for an unexpired term ending April 1, 1895. The commission so recorded and issued was delivered to and accepted by the plaintiff, and instead of waiting until April 1, 1895, when a regular term would have commenced, she entered at once upon the discharge of her duties, evidently assuming that she had been appointed for the unexpired term. For a month or more she served as a member of the board in connection with Rhodes, whom she now claims to have succeeded, and during that time the record of the meetings of the board repeatedly showed that they regarded the plaintiff as having been appointed for the unexpired term, and that M. A. Householder was appointed as the successor of T. F. Rhodes. The plaintiff was appointed as president of the board on March 14, 1893, and, as the supervision and signing of the records devolved upon her, the recitals with reference to the succession could not have escaped her

40—55 kas.

attention, and it indicates the view which she then held respecting the tenure of her office.

We incline to the opinion that the view presented by the defendants is the better one. If the nominating message to the senate had specifically and clearly fixed the terms and tenure of the several persons nominated, it might have been controlling, and, if there were no other evidence of the intention of the governor in that respect than the arrangement or sequence of the names in the message, it might be sufficient to determine the terms and succession of the several appointees. The message, however, we have seen, was indefinite and ambiguous, and did not specify the beginning or ending of the terms of those mentioned therein. Kirk, who was named as one whose place was to be filled, was not and had not been a member of the board for several months. No attempt appears to have been made by the senate to have the terms of the several appointees definitely specified before or at the confirmation of the same. If a member of the senate, desiring to learn the terms and tenure of each member named in the message, had gone to the governor's office, he would have ascertained from the register of appointments that the plaintiff was appointed for the unexpired term ending April 1, 1895. There is a claim that this register was purposely mutilated after the appointment was made, so as to give Householder the long term which it is claimed was originally given to the plaintiff, but we think that the testimony fails to sustain this claim. The records may be examined to determine the intention and action of the governor. The statute provides that the governor shall keep a record in his office of his official acts. Then there is a provision that commissions shall be issued specifying the person to whom issued, the office

conferred, with the date and tenure of the commission. The commission is to be recorded, after which it is to be transmitted by the secretary of state to the person commissioned. It is also provided that the appointment and commission shall not be deemed to confer any office or right thereto until a bond is given as provided by law. (Gen. Stat. of 1889, ¶ 6565.) As the statute contemplates that a record of the action of the governor in making appointments shall be made, and that a commission shall be issued, they are competent evidence to determine what the purpose and action of the governor was with respect to the terms and tenure of those appointed. An examination of these records leaves no doubt that the governor intended to appoint Householder for the full term of three years beginning April 1, 1893, and to appoint the plaintiff for the unexpired term ending April 1, 1895. There is just as little doubt that the plaintiff herself, as well as the other members of the board with whom she was associated, understood and acted upon the theory that she was appointed for the unexpired term. It appears that at some time another commission was issued to the plaintiff, reciting an appointment for a full term, but this commission, whenever issued, was never delivered to the plaintiff.

Taking all the testimony together, we are constrained to hold that the term for which the plaintiff was appointed expired on April 1, 1895, and that George A. Clark was legally appointed as her successsor, and is entitled to the possession of the office.

Judgment will, therefore, be rendered in favor of the defendants in each case.

All the Justices concurring.